```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ZULFU SAYAN,

                    Petitioner,                              05-cv-0374 (SJF)(MDG)

        -against-
                                                             OPINION & ORDER
JAMES T. CONWAY, SUPERINTENDENT OF THE
ATTICA CORRECTIONAL FACILITY,

                    Respondent.
----------------------------------------------------------X
```

FEUERSTEIN, J.:

I.   Introduction

*Pro se* petitioner Zulfu Sayan ("Petitioner") petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the petition is denied.

II.  Petitioner's Pleadings

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9, 66 L. Ed.2d 163, 101 S. Ct. 173 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972)). To this end, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

-1-

III. Background

Petitioner is currently serving a ten year sentence after being convicted on June 16, 2001 of one count of First Degree Assault and one count of Third Degree Assault in New York State Supreme Court in Riverhead, New York. (Pet. ¶ 4). Petitioner stabbed an individual in the stomach, and slashed the hand of another individual seeking to take the knife from him. Petitioner claimed at trial that the stabbing had been justified, as he was defending himself in a fight and feared for his life. Petitioner's convictions were affirmed on appeal, and the Court of Appeals denied leave to appeal. Petitioner challenges his convictions on the grounds that (1) the trial court denied his request for a missing witness charge, (id. ¶ 13), and (2) "the People failed to prove his guilt beyond a reasonable doubt because the government "failed to disprove Petitioner's justification defense beyond a reasonable doubt." (Id. ¶¶ 6, 14, 19; Pet. Mem. Law at 10).

IV. Analysis

A petition for a writ of habeas corpus filed by a person in state custody is governed by, inter alia, 28 U.S.C. § 2254(d). Pursuant to that provision, such an application

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Petitioner's convictions were adjudicated on the merits in the courts of the state of New York. People v. Sayan, 6 A.D.3d 555 (2d Dep't 2004); see also Howard v. Walker,

406 F.3d 114, 122 (2d Cir. 2005) ("A state court adjudicates a petitioner's federal claims on the merits when it (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment . . . . A claim need not be addressed in detail by a state court to have been 'adjudicated on the merits.'") (internal quotations and citations omitted).

A. 28 U.S.C. § 2254(d)(1)

28 U.S.C. § 2254(d)(1) requires a petitioner to demonstrate that his conviction was either contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court. Shabazz v. Artuz, 336 F.3d 154, 161 (2d Cir. 2003) ("The Supreme Court has interpreted 28 U.S.C. § 2254(d)(1) as giving independent meaning to both the 'contrary to' and 'unreasonable application' clauses.") (quoting Williams v. Taylor, 529 U.S. 362, 404 (2000).

"The phrase 'clearly established Federal law, as determined by the Supreme Court of the United States' refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision." Policano v. Herbert, 04-pr-5518, 2005 U.S. App. LEXIS 24558, at *9 (2d Cir., Nov. 11, 2005) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)). "A state court decision is 'contrary to' Supreme Court precedent if it 1) arrives at a conclusion that contradicts that reached by the Supreme Court on a question of law; or 2) confronts facts that are materially indistinguishable from those of relevant Supreme Court precedent and arrives at an opposite result." Shabazz, 336 F.3d 154 (citing Williams, 529 U.S. at 405). Furthermore, "[a] decision is an 'unreasonable application' of clearly established Supreme Court law if a state court 'identifies the correct governing legal principle from the Supreme

Court's decisions but unreasonably applies that principle to the facts of a prisoner's case." Shabazz, 336 F.3d at 161 (citing Williams, 529 U.S. at 413).

Petitioner appears to claim that the trial judge's refusal to issue a 'missing witness charge' was contrary to, or an unreasonable application of clearly established federal law. However, "[t]here is no clearly established Supreme Court precedent requiring a trial court to instruct the jury with respect to a missing witness." Castro v. Fisher, 04-cv-0346, 2004 U.S. Dist. LEXIS 22527, at *12 (S.D.N.Y., Nov. 10, 2004) (internal quotations omitted); see also Morales v. Strack, 2003 U.S. Dist. LEXIS 13658, Nos. 99-CV-1617, 03-MISC-0666 (JBW), 2003 WL 21816963, at *4 (E.D.N.Y., July 3, 2003) (Weinstein, J.) ("Petitioner can point to no clearly established Supreme Court precedent requiring a trial court to instruct the jury with respect to a missing witness. At any rate, 'whether a missing witness charge should be given lies in the sound discretion of the trial court.'") (quoting Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir. 1992)). Petitioner's claim regarding the missing witness charge is therefore denied.

B.  28 U.S.C. § 2254(d)(2)

Under § 2254(d)(2), habeas relief is appropriate if the adjudication of Petitioner's claim in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." In analyzing this type of claim, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Anderson v. Goord, 05-cv-0905, 2005 U.S. Dist. LEXIS 20649, at *12 (S.D.N.Y., Sep. 20, 2005) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979) (internal

-4-

quotations omitted)). In application, the Court must "decide whether the record is 'so totally devoid of evidentiary support that a due process issue is raised.'" Anderson, 2005 U.S. Dist. LEXIS, at *12-13 (quoting Bossett v. Walker, 41 F.3d 825, 830 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995)). Petitioner bears a "very heavy burden in convincing a federal habeas court to grant a petition on the grounds of insufficient evidence." Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002) (internal quotations omitted).

Petitioner claims that the prosecution failed to prove his guilt beyond a reasonable doubt, and failed to disprove his justification defense. The crux of Petitioner's claim is that he feared for his life and was therefore justified in taking the actions that underlie his convictions. (Pet. ¶¶ 5-6). Petitioner, who was represented by counsel at trial, presented this defense to the jury. (Pet. ¶ 14) (claiming that the prosecution, in fact, proved his justification defense to the jury). It cannot be said that no rational trier of fact could have found the essential elements of assault satisfied. Petitioner's claim is therefore dismissed.

V. Conclusion

For the reasons set forth above, the petition is DENIED. Since Petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed.2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.



_____
Sandra J. Feuerstein
United State District Judge

Dated: December ___, 2005
Brooklyn, New York

To:

Zulfu Sayan
01A4226
Wyoming Correctional Facility
P.O. Box 501
Attica, NY 14011-0501

Rosalind C. Gray
Suffolk County District Attorney's Office
200 Center Drive
Riverhead, NY 11901